at All. Good morning. I'm Mary Ann Carroll and I'm here on behalf of the Westerly School Department and Westerly Public Schools. I would also like to reserve three minutes for any rebuttal. Yes. Thank you. Your Honor, this is a special education case that's now almost three years old. We started back in December of 2015 with a request from the parents to find their child eligible for special education and receive an IEP. And we're now here two and a half years later and the child does not have an IEP and yet we're being told that we're the prevailing party and that is basically the issue that we are appealing today. We do not believe that we are the prevailing party and let me explain why. Yes, Judge. You mean you don't believe they're the prevailing party? We don't believe they're the prevailing party. Thank you, Your Honor. So this meeting started in 2015 with a referral meeting. At that meeting, the parents requested that their child be found eligible. The district had a meeting at which three lawyers were present, two for the parents and one for the district. After carefully considering the parents' independent evaluations, the district felt that what they were seeing in the classroom was different and they requested evaluations to be done by them. The parents refused to allow the child for due process. In the due process, once again, the parents requested that the due process hearing officer find the child eligible for special ed and award her an IEP. The district, on the other hand, filed a... We're familiar with the history unless you think it's really important to get the context. The only reason I'm going over it is because the history is so convoluted in terms of going back and forth. So then let me get right to the point, Your Honor. The reason we're here today is because the district does not believe that we are the prevailing party. And we don't believe we're the prevailing party because there's been no material alteration of legal relationship as you determined was needed in your case of Doe versus the Boston Public Schools. Suppose a district court errs, misunderstands the law and facts, orders you to do something it should not be ordering to do, you should have won the issue. You then do it. And then afterwards you aren't able to appeal because it's now moved and you've done it. Has the other side prevailed even though they've prevailed wrongfully? Even what the judge ordered us to do would not make the parents the prevailing party. Because the parents requested that the child be eligible and be issued an IEP. This child has never been found eligible and has never been issued an IEP. I guess the one thing they got, and I couldn't quite understand why the judge did it, is it seems to me he ordered you to make the IEP decision, the eligibility decision, without being able to exercise your own right to ask for evaluations of your own. And he forced you to do it depending on just their evaluations. And then you did it and they didn't get eligibility. So I guess the one thing that got changed was they got the advantage of depriving you of your statutory rights to have an evaluation done. That's correct. And they did not get anything that they couldn't have gotten without the judge's order. At any point in the two years between the time we started this and we ended up in front of the district court, the parents could have at any time asked for a meeting. They could have asked the district to hold a meeting. And according to the special education regulations, we would have been required to do so. The parents never asked for a meeting of the district, even though this case went on for quite a lengthy period of time. So even in what the judge ordered, ordering us to have a meeting, and to have a meeting without any, the basis of us not having evaluations, they could have had that anyway. And of course I suppose they already knew their information wasn't enough for you to decide on eligibility because you were insisting on evaluations. I mean, that is correct. We were insisting on doing our own evaluations. We felt that we had a statutory right to get those evaluations. Having said that, what the judge also in his order said was that if they weren't happy with that meeting, then he would expedite a then another due process hearing. At the conclusion of that meeting, when they did not get an IEP, they in turn filed for due process. We actually got to the point where we were assigned a due process hearing officer. We went to a pre-hearing and after that pre-hearing, they withdrew their request. What is the status now under the statute? Could they revive that or file a new one? At any time, Your Honor, they could file for another due process. In this case? Absolutely. And so? Except for the fact that now this child no longer lives in the Westerly School Department, has moved to another district. So they could then ask the new district to grant them an IEP and if they didn't get it, they could turn around and go to due process. But I would say that this child no longer is in our district. Does that make the whole case move? I hope not for attorney fees, Your Honor. Again, the child never got an IEP and that's what they asked for. Counsel, at the summary judgment stage in front of this judge, the parents asked the court to require, I'm quoting now, require an expedited hearing on the merits that will be based on the current available evidence, meaning no further evaluations will be necessary. Isn't that what they got? Didn't the court order what they asked for? That's the piece that was changed, Your Honor. Originally, when the district court met, when we had oral arguments in the district court from the bench without the right of any factual information, the judge ordered an IEP. But the order that's being appealed by you is this order. What they asked for, they got. Didn't that change the legal relationship between the parties? No, because again, right from day one, they were asking for an IEP. And as of today, the IEP was what they already had, which was the 504. Thank you. Your Honors, if you may please recall, my name is Greg Mancini. I'm an attorney for the appellees. I don't think that this is a complicated case. I think that the facts are limited and I think the law is largely governed by binding precedent that you set. I think there's only one issue to resolve, and that's because the issue of whether or not the court erred in failing to uphold the decision of the hearing officer is moot, or became moot, when the school held a court-ordered eligibility meeting on June 1st, 2007. That only leads to the question of whether, in fact, the facts in this matter suffice to determine that the parties are prevailing parties. The legal relationship to the term-repealing party is, in this matter, was material altered in several respects when the judge overturned the hearing office decision. The first was the parent vindicated a procedural right because of the significant delay that the judge had attributed to the school district. The second was the fact that the eligibility meeting was ordered, and it was ordered post-haste. Now the district argues that this meeting doesn't constitute a prevailing party. The parents could have asked for an eligibility meeting any time they did. That was the purpose of the December 17, 2015 meeting, was to ask for eligibility. The school district's correspondence prior and after the meeting disputed that fact. The hearing on April 9th, they also disputed that fact. They said, I quote, we made it clear to the parents that we didn't go to eligibility. In accepting as true and drawing all reasonable inferences in favor of the parents, the non-moving party of two motions to dispute, the district's argument is clearly contrary to their actions. Despite the parents' best efforts, the district had no intention of finding this child eligible on December 17th, and as a consequence, I'm sorry, Judge. That's what puzzles me about your whole position. As I understand the statute, the parents can come forward, as your clients did, with a lot of information that they think establishes eligibility. The school could look at that and they could say, we think you're right, and so we're determining eligibility. Or the school could say, we're not convinced, but under the statute, we'll do our own evaluations and see how it comes out. It seems to me what happened here is you went to the first step. You had the meeting on December 15. You didn't convince the school. They were willing to go to the second step. And you got an order that essentially precluded them from going to the second step and stayed at the first step. So surprise, surprise, they said, no eligibility. You kind of got an order that shot yourself in the foot. If I may, Your Honor, attached to the due process complaint that they had filed was a long history of the number of meetings that the parents and the school district had. They had at least 10 times, and through that 10 times, the child was never determined to be eligible. The parent at that point had enough, and I think that they do have the right when they disagree with the school district's decision, I think they have a right to file due process. In effect, when they did file, the judge determined that the district actually didn't even consider the evaluations they provided to the school district. How did they order that you secured from the judge that the school make an eligibility determination without exercising its statutory prerogative to get additional evaluations on its own? How did that benefit your clients at all? I'm sorry, Judge. Could you repeat your question? Sure. How did the order that the district court judge gave you benefit your clients at all? It just doomed them? I mean, the case dragged on, unfortunately. I think what the client was looking for was a determination at that meeting, and if they didn't have the determination, then they wanted to go to due process to find out if there was enough evidence to determine whether or not the child had a disability. Remember that they had... So it speeded up their loss, is that what you're saying? I'm sorry, say that again, sir? So it speeded up their loss, at least at the pre-hearing level? Well, at the time, they didn't know it would be a loss if they went to due process hearing. But they'd been told that they had a meeting where they wanted, on December 15, the school to determine that the child was eligible. Correct. And the school communicated back, and in a paragraph explained why, because it saw a disparity between what they were observing in the school room and what your client's experts were saying. Correct. And I think that the regulations allow them to take that dispute to a due process hearing and let a hearing officer determine that. And that should have happened. And a hearing officer may have well determined that the school district is right. The problem was the parents didn't get an opportunity to put down any evidence at the due process hearing. But you got notice... The only order you got was that the school decide eligibility without doing its own evaluations. Well, that was part of the order. The other part of the order was that if either party, in particular the parent, didn't agree with that, we would go to an expedited hearing. The statute gives you a right to go to a due process hearing. The statute gives us the right to go to a due process hearing. Correct. But in this case it was continued to be delayed. We were in procedural limbo because the district kept objecting to the fact that we wouldn't let them do evaluations. Meanwhile, we had ten meetings since, I think, 2012, or 2011 maybe, with the school district. And at one of those meetings the parents determined that the child or the district student... It strikes me like you're a baseball team who's running a called out at first base and the umpire is willing to do an instant replay and you say that's going to be a delay so you get a court order precluding them from doing an instant replay. There you go. You're out. I would respectfully disagree with that in the sense that we felt we were in procedural limbo. The district had filed two motions to dismiss. And I think the core issue for the judge in the district court level was he found that at that meeting the district didn't consider the evidence presented on by the parent. And so the parent had a choice to go back and go back to the school district and get the evaluations completed and at that point or go to due process. And so they decided to go to due process based on the history between the parties. And so the court proceedings went forward and then we think we were a prevailing party because the judge vindicated our procedural rights, number one. Number two, organized the eligibility meeting. Number three, as a result of that eligibility meeting the school district convened a 504 meeting which was supposed to occur 18 months earlier. Let me ask a question I asked your opposing counsel. Are you aware of any case where a district court judge erroneously orders a party to do something, the party does it, so the issue itself becomes moot, and then a fee award is obtained by the party who secured the erroneous order and it's sustained on appeal? Now the only case I would think that would even come close to that, but I'm not sure would be the DeJesus case. I would suggest to you that I think that the victories that the parents received in this matter were at minimal, de minimis if not more, and under that standard I think they are prevailing parties. I think judge, if you think that, if you think the parents don't deserve counsel fees, I would suggest to you, I think they are prevailing parties and I think there is a second analysis relative to what's the fee amount to be awarded, and in this matter the school district never objected to any amount of the fee awarded, so I think they are precluded to do so now. And then the school district lastly has not provided any circumstances or special circumstances or unusual conditions to signify that this award is unjust. Rather their defenses were not prevailing parties at all. Accordingly the parents request that the district court order the judge the order be wholly affirmed and upon a motion fees are awarded for this case. Thank you. I just want to reiterate that this child received a 504 in 2013, had a 504 in 2015 when this litigation began, and continued to have a 504 during the entire time that she was in the Westerly School Department. And as I said, she moved out about maybe less than a year ago to another district. Judge Howard, to just address one of the things that you had asked, you said didn't the parents get what they wanted when they asked for the appeal? Please keep in mind that the original due process hearing officer dismissed the case because the parents would not let us evaluate. At that point when we responded to that original appeal in front of the district court, we tried to reject everything that was part of the disputed or undisputed facts based on the fact that those had never been introduced at hearing because there had never been a hearing on the merits of the eligibility. So it certainly is our position that the appeal has to go back to what they asked for in due process, and in due process they asked for an IEP and they never received that IEP. Thank you very much.